```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JUNE BAPTISTE                           :
                    Plaintiff,          :   09 Civ. 10178 (DLC)
                                        :
          -v-                           :   MEMORANDUM OPINION
                                        :         AND ORDER
COMMISSIONER OF SOCIAL SECURITY,        :
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For the plaintiff:
June Baptiste, pro se
77 Columbia Street, Apt. 4K
New York, NY 10002

For the defendant:
John E. Gura
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

    Pro se plaintiff June Baptiste ("Baptiste") filed the complaint in this action on December 15, 2009.  The defendant, Commissioner of Social Security, filed a motion to dismiss for lack of subject matter jurisdiction on April 16, 2010; the plaintiff did not oppose the motion.  For the following reasons, the motion is granted.

    Background

    Baptiste began to receive Social Security survivor's benefits in 2002.  In September 2008, the Social Security

Administration ("SSA") informed her that in several prior years it had paid her more than the amount to which she was entitled and that it would withhold future benefits to recoup the overpayments.  On June 12, 2009, Baptiste requested a hearing before an Administrative Law Judge ("ALJ") to appeal the denial of her request to retain the alleged overpayments.  In July 2009, the SSA sent Baptiste a letter notifying her that it had received her request for a hearing and that it would provide her with the date and location of the hearing at least twenty days before it was to take place.  The letter stated:

> We are required by district court opinion [Martinez v. Califano, No. 73 Civ. 900, 1985 WL 6079 (E.D.N.Y. May 28, 1985)] to notify you of procedures available to you in the event of unreasonable delay in processing your case.  If, after requesting a status report of your case . . . you believe your case is being delayed unreasonably, you may apply to the United States District Court for relief, including interim benefits, if appropriate.[1]

In August and September, the SSA withheld all of Baptiste's benefit payments as part of a recoupment effort.  In September, Baptiste filed for bankruptcy.  As part of the protections

---

[1] In Heckler v. Day, 467 U.S. 104, 111 (1984), the Supreme Court struck down mandatory time periods that had been imposed by lower courts within which the SSA was required to provide hearings and issue final decisions.  In Martinez, the district court responded to Heckler by modifying an injunction that had imposed such a deadline.  The modified injunction required the SSA to provide notice to individuals awaiting hearings of the procedures available to them in the event of unreasonable delay. Martinez, 1985 WL 6079, at *2.

offered by that proceeding, the SSA paid her the full monthly benefit amount from the date of that filing and assured Baptiste that it would continue to pay her the full monthly amount of her benefits, without attempting to collect any overpayments, until the conclusion of the bankruptcy proceeding.

As of December 2009, when she filed her complaint in this action, Baptiste was still waiting for her hearing before the ALJ.  In her complaint, the plaintiff complains that she has suffered "unreasonable delay" in being granted a hearing.  She seeks an order requiring the SSA to pay her the two months' worth of benefits it has withheld and interim benefits pending the outcome of the ALJ hearing.  On March 30, 2010, the defendant notified the Court that plaintiff's ALJ hearing had been scheduled for April 2010.

Discussion

The defendant has moved to dismiss the complaint on the ground that the Court lacks subject matter jurisdiction.  A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act, 42 U.S.C. § 301 et seq. ("the Act"), ordinarily deprives a district court of jurisdiction to review those claims.[2]  Maloney v. Soc.

---

[2] It is unnecessary to decide whether the Act's exhaustion requirement is a claim-processing rule or affects subject matter jurisdiction since the defendant has not waived or forfeited its right to insist upon the exhaustion of administrative remedies.

Sec. Admin., 517 F.3d 70, 73-74 (2d Cir. 2008); Binder & Binder PC v. Barnhart, 481 F.3d 141, 149 (2d Cir. 2007).  The availability of judicial review is governed by § 405(g) of the Act, which "clearly limits judicial review to . . . a final decision of the Secretary made after a hearing."  Califano v. Sanders, 430 U.S. 99, 108 (1976) (citation omitted).  A final decision is reached only after a four-step administrative review process, of which a hearing before an ALJ is the third step.  20 C.F.R. § 404.900(a).

This exhaustion requirement may be excused in limited circumstances, namely: where the claim is collateral to a demand for benefits, exhaustion of administrative remedies would be futile, or the plaintiff would suffer irreparable harm if required to exhaust administrative remedies.  Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996).  In addition, a court may consider constitutional questions since they are "unsuited to resolution in administrative hearing procedures."  Califano, 99 U.S. at 109; see also Stieberger v. Apfel, 134 F.3d 37, 41 (2d Cir. 1997).

There is no jurisdiction over Baptiste's complaint because she has not received a final decision from the SSA on her claims.  None of the circumstances that might excuse a failure

---

See Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 204 (2d Cir. 2007); Zhong v. U.S. Dept. of Justice, 480 F.3d 104, 124 (2d Cir. 2007) (construing § 405(g)).

4

to exhaust administrative remedies are present here.  Baptiste's claim is not collateral to a demand for benefits; indeed, it is a claim for benefits.  Similarly, there is no basis to find that administrative review would be futile.  In fact, Baptiste previously prevailed after a hearing before the ALJ on an identical claim to retain overpayments from a different year than those at issue in this case.  Additionally, Baptiste will suffer no irreparable harm if required to exhaust the administrative process because she is currently receiving benefits.  See Smith v. Schweiker, 709 F.2d 777, 781 (2d Cir. 1983).  Finally, Baptiste has not raised a colorable constitutional claim.

Baptiste's complaint of "unreasonable delay" in scheduling her ALJ hearing does not rise to the level of a constitutional claim for two principal reasons.  First, the length of the delay is insufficient to require judicial review to protect Baptiste's constitutional rights.  Baptiste requested a hearing on June 12, 2009.  When she filed her complaint on December 15, 2009, her request for a hearing had been pending for approximately six months.  A six-month delay in receiving a date for a hearing is insufficient to raise a question of a denial of due process.

Second, Baptiste has not shown a need for interim relief to prevent an injury of constitutional proportions.  Between September 2008, when the SSA first informed Baptiste of the

overpayments, and December 2009, when she filed her complaint, the plaintiff requested and received several modifications to the SSA's schedule for withholding her benefits. As it turned out, Baptiste received her full monthly benefit amount every month except for August and September 2009, when the SSA withheld all of her benefits. Whether Baptiste's benefits for August and September 2009 were appropriately withheld is a matter to be addressed at an ALJ hearing.

Conclusion

The defendant's April 16 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         July 27, 2010

                                    _____
                                          DENISE COTE
                                    United States District Judge

COPIES SENT TO:

June Baptiste
77 Columbia Street
Apt. 4K
New York, NY 10002

John E. Gura, Jr.
U.S. Attorney's Office - Civil Div.
86 Church Street
New York, NY 10007